

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 3, 1966

Honorable Joe Resweber
County Attorney
Harris County
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. C-734

Re: Appointment of retired
judges of appellate
courts to active duty
on Courts of Civil
Appeals.

By letter to this office dated May 27, 1966, you
have requested an opinion in regard to the above matter. We
quote from your letter as follows:

" . . .

"'Due to the recent constitutional amend-
ment Judge Werlein will be required to retire in the
latter part of 1967, thus creating a vacancy to be
filled by Governor Connally. As you no doubt know,
the Court of Civil Appeals for the First Supreme
Judicial District continually has a serious overload
of cases which must be transferred out on equali-
zation, a practice not enjoyed by the vast majority
of the lawyers in the district. . . .'

"'The question that we propound is based
upon the assumption that Chief Justice Robert W.
Calvert would assign him to service with the Court.
The Houston Bar Association would like to obtain an
opinion as to whether or not, if assigned by Judge
Calvert, Judge Werlein can continue to serve so long
as his assignment is effective as a "fourth member"
of the Court in the sense that he can participate in
decisions and cast his vote and prepare written opinions
for the court. It is assumed, of course, that the
presiding Chief Justice would sit in all cases sub-
mitted, but the Associate Justice would rotate so that
there would be no more than three members of the
court as to any particular cause.'

" . . ."

Hon. Joe Resweber, page 2  (C-734)

Article V, Section 6, of the Texas Constitution provides for the establishment of Courts of Civil Appeals and contains, in part, the following:

". . . and shall establish a Court of Civil Appeals in each of said districts, which shall consist of a Chief Justice and two Associate Justices, . . .

". . . Said Justices shall be elected by the qualified voters of their respective districts at a general election, for a /a7 term of six years . . ."

Article IV, Section 12, of the Texas Constitution provides:

"All vacancies in State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place. But should there by no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

Article V, Section 11, of the Texas Constitution provides in part:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. When the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals, or any member of either, shall be thus disqualified to hear and determine any case or cases in said

-3538-

Hon. Joe Resweber, page 3 (C-734)

> court, the same shall be certified to the Governor of the State, who shall immediately commission the requisite number of persons learned in the law for the trial and determination of such cause or causes. . . ."

Article V, Section 1-a, of the Texas Constitution, adopted at a date subsequent to the dates of adoption of the above quoted portions of the Constitution, provides, in part, that:

> "(1) Subject to the further provisions of this Section, the Legislature shall provide for the retirement and compensation of Justices and Judges of the Appellate Courts and District and Criminal District Courts on account of length of service, age and disability, and for their reassignment to active duty where and when needed. . . ." (Emphasis added.)

Section 7 of Article 6228b, Vernon's Civil Statutes, provides as follows:

> "Judges retired under the provisions of this Act shall be judicial officers of the State, and during the time they are receiving retirement pay shall not be allowed to appear and plead as attorneys at law in any Court of record in this State, and shall with their own consent, be subject to assignment by the Chief Justice of the Supreme Court to sit in any Court of this State of the same dignity, or lesser, as that from which they retired, and if in a District Court, under the same rules as provided by the present Administrative Judicial Act, and while so assigned, shall have all the powers of Judges thereof. While assigned to said Court such Judges shall be paid an amount equal to the salary of Judges of said Court, in lieu of retirement allowance." (Emphasis added.)

### QUESTIONS PRESENTED

For convenience, the discussion of the referenced subject may be divided into three questions:

> 1. To what extent, if any, does Article V, Section 1-a, of the Constitution modify those portions of the Constitution quoted above which provide that each of the various Courts of Civil Appeals "shall consist of a Chief Justice and two Associate Justices"; that "said Justices shall be

-3539-

elected by the qualified voters of their respective districts at a general election for a term of six years"; that grant the Governor the power to fill vacancies by appointment; and that grant the Governor the power to make temporary appointments in certain cases of disqualification?

2. What is the extent of the legislative power to "provide for the retirement . . . of Justices and Judges of the appellate courts . . . and for their reassignment to active duty where and when needed" as granted by Article V, Section 1-a of the Constitution?

3. Under what circumstances may the Chief Justice of the Texas Supreme Court, pursuant to Article 6228b, Section 7, Vernon's Civil Statutes, assign retired judges of appellate courts to active duty on Courts of Civil Appeals?

## DISCUSSION AND AUTHORITIES

1. To what extent, if any, does Article V, Section 1-a, of the Constitution modify those portions of the Constitution quoted above which provide that each of the various Courts of Civil Appeals "shall consist of a Chief Justice and two Associate Justices"; that "said Justices shall be elected by the qualified voters of their respective districts at a general election for a term of six years"; that grant the Governor the power to fill vacancies by appointment; and that grant the Governor the power to make temporary appointments in certain cases of disqualification?

The Texas Courts have adopted certain well-recognized rules of constitutional construction which are applicable to the solution of this question:

". . .

"When one of several equally reasonable constructions will give rise to fewer or less complex questions in its application, that construction will be adopted. So too, where one of two equally reasonable constructions will more certainly or to a greater degree effect the purpose of the provision, it will be adopted." 12 Tex.Jur.2d 368, Constitutional Law, Sec. 22 (and cases cited).

". . .

"In adopting a particular construction it is

proper to inquire if the consequences of following that construction were those intended by the people, . . ." 12 Tex.Jur.2d 369, Constitutional Law, Sec. 23 (and cases cited).

"All provisions of the constitution in relation to the same subject matter must be construed together. State constitutions are adopted as a whole, and a clause that, standing by itself, might seem of doubtful import may yet be made plain by comparison with other clauses or portions of the same instrument; therefore it is a proper rule of construction that the whole is to be examined with a view to arriving at the true intent of each part." 12 Tex. Jur.2d 371, Constitutional Law, Sec. 27 (and cases cited).

"No part of a constitution may be allowed to defeat another if by any reasonable construction the two can be made to stand together. An interpretation that would produce conflict between provisions of the constitution will be avoided and it will be so construed if possible so as to reconcile apparent repugnancies and give effect to every part. And an interpretation that will prevent any clause, sentence, or word from being superfluous, void, or insignificant will be employed.
"If there is an irreconcilable conflict between two provisions, on the principle that the latter in position is the later expression of the will of the people, the latter will be given effect. And should there be a conflict between a general and a special provision of the constitution, the special provision will prevail. When one section of the constitution expresses a general intention to do a particular thing, and another section expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception.
. . ." 12 Tex.Jur.2d 372, Constitutional Law, Sec. 28 (and cases cited). (Emphasis added.)

"In construing a constitutional amendment, the court will look both to the evil sought to be cured and to the remedy sought to be applied. A constitutional amendment becomes as much a part of the organic law as if it had been originally incorporated in the constitution. And a constitutional amendment, being the last expression of the will of the people, will supersede any conflicting constitutional provision. If the later amendment deals with a subject in its

entirety it effects a repeal of all former constitutional provisions dealing with the same subject. But if there is no inconsistency the courts have the duty to construe the amendment and preceding provisions so as to give effect to all. The controlling guide is the intent of the makers and adopters." 12 Tex.Jur.2d 373, Constitutional Law, Sec. 29 (and cases cited). (Emphasis added.)

That portion of Article V, Section 1-a, of the Constitution which is pertinent to this question is couched in general terms and does not seek to deal specifically with those areas covered by the other constitutional provisions quoted herein. If the rules of constitutional construction quoted above are applied to this question the result must be that Article V, Section 1-a, in no way authorizes an increase in the membership of the various Courts of Civil Appeals, nor does it change or affect the power of the Governor to fill vacancies on such courts by appointment and to make temporary assignments in cases of disqualification. If Article V, Section 1-a, were construed so as to allow assignments of retired judges to active duty on a Court of Civil Appeals even though all of the regular judges of such court were actively serving, the practical effect would be to increase the membership of the court and to at least partially nullify the requirement that the judges of such courts shall be elected by the qualified voters of the particular district.

2. What is the extent of the legislative power to "provide for the retirement . . . of Justices and Judges of the appellate courts . . . and for their reassignment to active duty where and when needed" as granted by Article V, Section 1-a of the Constitution?

Adopting the construction discussed above, Article V, Section 1-a, gives the Legislature the power to provide for the reassignment to active duty on Courts of Civil Appeals of retired judges of appellate courts in all cases except in those specific instances otherwise provided for by the Constitution and provided that no more than three judges may be actively serving at any one time on any Court of Civil Appeals. Article V, Section 1-a, in no way purports to limit the authority of the regular judges of the Courts of Civil Appeals nor to grant the Legislature power to so limit their authority or terms of offices; therefore, the legislative authority to make provision for the assignment of retired judges of appellate courts to active duty on Courts of Civil Appeals is limited in that the tenure and authority of such regular judges, while they are on active duty, may not be curtailed. The area in which the Legislature has power to provide for

the appointment of retired appellate judges to active duty on Courts of Civil Appeals is thus limited to those situations wherein a particular Court of Civil Appeals lacks a full complement of three judges by reason of a vacancy or due to the disqualification, absence or inability to serve of a regular member of such Court of Civil Appeals; such assignment power being limited insofar as it may conflict with the constitutional provisions quoted above which provide for particular situations and being further limited as to duration in that such exercise of the assignment power could not result in curtailing the authority or tenure of any regular judge of a Court of Civil Appeals who is actively serving.

3.  Under what circumstances may the Chief Justice of the Texas Supreme Court, pursuant to Article 6228b, Section 7, Vernon's Civil Statutes, assign retired judges of appellate courts to active duty on Courts of Civil Appeals?

Several statutes in addition to Article 6228b, Section 7, are concerned with making temporary assignments of replacements for judges of the Courts of Civil Appeals who are disqualified or unable to serve.  These statutes deal with specific circumstances whereas the subsequently adopted Article 6228b, Section 7, gives the Chief Justice of the Supreme Court general assignment power.  The governing rules of statutory construction are as follows:

"Broadly speaking, a statute will be construed with reference to the entire body of law existing at the time of its enactment, insofar as this may be necessary to ascertain or effectuate the legislative intent.  Thus, a statute will be construed in the light of the constitution, the common law, international law, and existing statutory law.  More particularly, a statute will be construed with reference to the general system of legislation of which it forms a part. . . .
"A statute will be construed so that it will harmonize with other existing law, unless its provisions clearly manifest a contrary intention. Thus, where the literal language of one act conflicts with that of another, they should be read together and harmonized, if reasonably possible, so as to give effect to each of them."  53 Tex. Jur.2d 278, Statutes, Sec. 185 (and cases cited). (Emphasis added.)

"It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate

to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

"The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. But where a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. . . ." 53 Tex.Jur.2d 280, Statutes, Sec. 186 (and cases cited). (Emphasis added.)

The assignment power of the Chief Justice is therefore coextensive with the assignment power granted by the Constitution to the Legislature as previously discussed except that it does not encompass those areas for which specific provision has otherwise been made by statute. These specific statutes are set out in Appendix A.

Certain other statutes which indirectly bear on the question herein presented but which it is felt do not influence the resolution of these questions are included for reference in Appendix B.

## S U M M A R Y

The Chief Justice of the Supreme Court of Texas may assign retired appellate court judges to active duty on any Court of Civil Appeals

only in those cases where the particular Court of Civil Appeals lacks a full complement of three judges by reason of a vacancy or due to the disqualification, absence or inability to serve of a regular member of such Court of Civil Appeals. Such assignment power is limited in the first instance and as to duration insofar as its exercise might conflict with Article IV, Section 12, Article V, Section 6 and Article V, Section 11 of the Texas Constitution and Articles 1813 and 1815 of Vernon's Civil Statutes; and such assignment power is further limited as to duration in that any such assignment would be automatically terminated by the return to active duty of the regular judge whose disqualification, absence or inability to serve occassioned the assignment.

Yours very truly,

WAGGONER CARR
Attorney General

By: Lewis E. Berry, Jr.
Assistant

LEBjr:ra:dh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
J. C. Davis
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright

## APPENDIX A

Article 1813, Vernon's Civil Statutes:

"(a)  The Justices of each Court of Civil
Appeals shall be elected at the general election
by the qualified voters of their respective dis-
tricts.  Upon their qualification, after the first
election after the creation of any Court of Civil
Appeals, the Justices shall draw lots for the terms
of office; those drawing number one (1) shall hold
for the term of two (2) years; those drawing number
two (2) shall hold for a term of four (4) years;
and those drawing number three (3) shall hold office
for six (6) years.  Each of said offices shall be
filled by election at the next general election
before the respective terms expire; and the person
elected shall thereafter hold his office for six
(6) years.

"(b)  After any Justice of any Court of Civil
Appeals has become totally disabled to discharge
any of the duties of his office, by reason of ill-
ness, physical or mental, and has remained in such
condition continuously for a period of not less
than one (1) year, and if it is probable that such
illness will be permanent, and is of such a nature
that it will probably continue to incapacitate
such Justice for the balance of his term of office,
it shall be the duty of the other two Justices of
the Court of which such incapacitated Justice is a
member to certify such facts to the Governor.  Upon
receipt of such certificate by the Governor, he
shall make proper investigation touching the matters
therein contained and if he shall determine that
the facts contained in such certificate are true,
and that a necessity exists therefor, he shall
forthwith appoint a Special Commissioner having the
requisite qualifications of a member of such Court
to assist the same.  Such Special Commissioner,
when so appointed, may sit with such Court, hear
arguments on submitted cases, and write opinions
thereon if directed to do so by the Court; and
said opinions, if adopted by the Court, shall be-
come thereupon the opinions of the Court.

"(c)  The Commissioner herein provided for,
when appointed by the Governor, shall receive the
same compensation as the regular Justices of the
Court of Civil Appeals, and he shall serve until
the death or expiration of the term of the disabled

member; provided that in no event shall the term of service continue for a longer time than two (2) years under the same appointment; and provided further, that in the event the disabled Justice shall recover from his disability, the term of such Special Commissioner shall immediately end.  In the event of such recovery two (2) Justices of said Court shall certify such fact to the Governor, and such certificate shall be conclusive evidence of the recovery of said disabled Justice.

"(d)  Whenever any Justice of any Court of Civil Appeals is called or ordered into the active military service of the United States, it shall be the duty of the other two Justices of the Court of which such Justice is a member, to certify that fact to the Governor.  Upon receipt of such certificate by the Governor, he shall make proper investigation touching the matters therein contained, and if he shall determine that the facts contained in such certificate are true, and that a necessity exists therefor, he shall forthwith appoint a Special Commissioner having the requisite qualifications of a member of such Court to assist the same. Such Special Commissioner, when so appointed, may sit with such Court, hear arguments on submitted cases, and write opinions thereon if directed to do so by the Court; and said Opinions, if adopted by the Court, shall become thereupon the opinions of the Court.

"(e)  Such Special Commissioner, when so appointed by the Governor, shall receive the same compensation as the regular Justices of the Court of Civil Appeals, and shall serve until the Justice who has been so called or ordered into the active military service of the United States is discharged from such military service, or until the expiration of the term of office of such Justice; provided that in no event shall the term of service of such Special Commissioner continue for a longer period than two (2) years under the same appointment; and provided further that when such Justice so called or ordered into the active military service of the United States is discharged from such active military service, the term of such Special Commissioner shall immediately end.  When the active military service of such Justice shall have terminated, the other two Justices of such Court of Civil Appeals shall certify that fact to the Governor, and their certificate shall be conclusive evidence of the facts so

Hon. Joe Resweber, page 12  (C-734)

certified.

"(f) Nothing in this Act shall be considered
as giving any two (2) members of any Court of Civil
Appeals, or the Governor, the power or authority
to remove or suspend any member of the Court of
Civil Appeals from office, or to in any manner
interfere with him in his Constitutional rights
and powers." Acts 1st C.S., 1892, p. 25; G.L. vol.
10, p. 389; Acts, 1936, 44th Leg., 3rd C.S. p. 2108,
ch. 509, § 1; Acts 1937, 45th Leg., p. 297, ch. 154,
§ 1; Acts 1941, 47th Leg., p.170, ch. 123, § 1.

Article 1815, Vernon's Civil Statutes:

"If all or any two members of any Court of Civil
Appeals shall be disqualified to determine any cause
in such court, that fact shall be certified to the
Governor, who shall immediately commission the requi-
site number of persons, learned in the law, to try
and determine said cause." Id.

APPENDIX B

Article 1812, Vernon's Civil Statutes:

"Each Court of Civil Appeals shall consist of a Chief Justice and two Associate Justices. A majority shall be a quorum for the transaction of business, and the concurrence of two Justices shall be necessary to a decision." Acts 1st C.S. 1892, p. 25; G.L. vol. 10, p. 389.

Article 1814, Vernon's Civil Statutes:

"No person shall be eligible to the office of Justice of a Court of Civil Appeals, unless he be at the time of his election thirty years of age or over, a resident of the district from which he is elected, and has been a practicing lawyer or a judge of a court of this State, or such lawyer and judge together, at least seven years." Acts 1st C.S. 1892, p. 25; G.L. vol. 10, p. 389.

Article 1816, Vernon's Civil Statutes:

"The term of each Court of Civil Appeals of the State of Texas shall begin on the first Monday in October of each year and shall continue in session until the first Monday in October the next succeeding year; provided that the Justices of each of said Courts shall be permitted to take a vacation of eight weeks during each year at such time as the Court may fix, during which period the Court shall not be adjourned but shall be in recess and may be called together by the Chief Justice or by the two Associate Justices in case business requiring immediate disposal should arise." Acts 1897, p. 132; G.L. vol. 10, p. 1186; Acts 1927, 40th Leg., p. 120, ch. 79, § 1; Acts 1927, 40th Leg., 1st C.S., p. 147, ch. 50, § 1.

Article 1819, Vernon's Civil Statutes:

"The appellate jurisdiction of the Courts of Civil Appeals shall extend to all civil cases within the limits of their respective districts of which the District Courts and County Courts have or assume jurisdiction with the amount in controversy or the judgment rendered shall exceed One Hundred Dollars ($100) exclusive of interest and costs; provided, however, that if any Court of Civil Appeals having jurisdiction of a cause, matter or controversy requiring immediate action shall, by reason of the illness or absence or unavailability

Hon. Joe Resweber, page 14   (C-734)

of at least two (2) of the Judges thereof, be unable to take such immediate action, then the nearest available Court of Civil Appeals may take such action as may be required in regard to said cause, matter or controversy under such rules as the Supreme Court may prescribe." As amended Acts 1957, 55th Leg., p. 1279, ch. 426, § 1.

Article 1738, Vernon's Civil Statutes:

"The Supreme Court shall, as early as practicable after the 1st day of January and the 1st day of June of each year, equalize, as nearly as practicable, the amount of business upon the dockets of the several Courts of Civil Appeals as of the close of business on the 31st day of December and the 31st day of May of each year by directing the transfer of cases from such of said Courts as may have the greater amount of business upon their dockets to those having a less amount of business. Said Court may, at any other time, order cases transferred from one Court of Civil Appeals to another, when, in the opinion of the Supreme Court, there is good cause for such transfer. And the Courts of Civil Appeals to which such cases shall be transferred shall have jurisdiction over all such cases so transferred, without regard to the District in which the cases were originally tried and returnable upon appeal. Provided that the Justices of the Court to which such cases are transferred shall, after due notice to the parties or their counsel, hear oral argument on such cases at the place from which the cases have been originally transferred. Provided further, that there shall be but one sitting for oral argument at the place from which cases are transferred for each equalization, and all cases so transferred at any one equalization must be orally argued at such sitting, or at the regular place of sitting of the Court to which said cases are transferred. All opinions, orders and decisions in such transferred cases shall be delivered, entered and rendered at the place where the Court to which such cases are transferred regularly sits as the law provides. The actual and necessary traveling and living expenses of the Justices of said Courts in hearing oral argument at the place from which such cases are transferred shall be borne by the State, and for payment thereof the Legislature shall make appropriation." Acts 1895, p. 79; G.L. vol. 10, p. 809; Acts 1909, p. 88; Acts 1927, 40th Leg., p. 115, ch. 76, § 1; Acts 1927, 40th Leg., 1st C.S., p. 148, ch. 51, § 1; Acts 1933, 43rd Leg., p. 380, ch. 151, § 1; Acts 1941, 47th Leg., p. 762, ch. 476, § 1.